FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 22 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMY CHAN, BY HER MOTHER AND
NATURAL GUARDIAN, SUET NGAN CHAN
AND SUET NGAN CHAN INDIVIDUALLY,

**08**        **743**

                                    Plaintiff(s)

                                                    NOTICE OF REMOVAL

            - against -

SANJAY SHARMA AND GEICO GENERAL
INSURANCE COMPANY,                                  SIFTON J

                                    Defendant(s)

                                                    LEVY M.J

        SANJAY SHARMA and GEICO GENERAL INSURANCE COMPANY, defendants in
the above-captioned action which was commenced in the Supreme Court of the State of New
York for the County of Kings, give notice that they are removing this action from the Supreme
Court of the State of New York, County of Kings, to this Court pursuant to USC Section 1441.
The grounds for removal are as follows:

1.      A civil action was commenced and is now pending against the defendants in the
        Supreme Court of the State of New York, County of Queens, which action is
        entitled: AMY CHAN, BY HER MOTHER AND NATURAL GUARDIAN,
        SUET NGAN CHAN, AND SUET NGAN CHAN INDIVIDUALLY V.
        SANJAY SHARMA AND GEICO GENERAL INSURANCE COMPANY.

2.      On or about August 27, 2007 the defendants were allegedly served with a
        summons and complaint, a copy of which is attached herein as Exhibit A. On or
        about  October 11, 2007 defendant GEICO GENERAL INSURANCE
        COMPANY served an answer to the complaint. (See Exhibit B). The defendant
        Sanjay Sharma served an answer to the complaint on October 15, 2007. (See
        Exhibit C). On January 29, 2008 the defendants were served with a Response to
        Supplemental Demand for Relief indicating the amount in controversy is ONE
        HUNDRED THOUSAND ($100,000.00) DOLLARS, a copy of which is attached
        as Exhibit D.

3.      The above-described action is a civil action of which this Court has original
        jurisdiction under 28 USC Section 1332 and is one which may be removed to this
        Court by the defendant under 28 USC 1332 and 1441 in that:

        a)      Plaintiff is noted to be listed on the summons as a citizen of the State of
                New York residing at 51-45 Manilla Street, Elmhurst, New York.

b)      Defendant Sanjay Sharma is a citizen of New Jersey and resides at 17C
        Cherry Hill Lane, Old Bridge, NJ 08857.

c)      The defendant GEICO GENERAL INSURANCE COMPANY is a
        corporation incorporated in the State of Maryland.

d)      The incident claimed to have caused injury to the defendant is alleged in
        the complaint to have occurred in the City and State of New York, in the
        County of Queens.  (See paragraph 8, Exhibit A).

e)      The amount in controversy herein exceeds Seventy-Five Thousand
        ($75,000.00) Dollars exclusive of interest and costs.

4.      Accordingly, as the parties are of diverse citizenship and the amount in
        controversy exceeds Seventy-Five Thousand ($75,00.00) Dollars exclusive of
        interest and costs, federal jurisdiction is appropriate pursuant to 29 USC Section
        1332.

        WHEREFORE, the defendants give notice that the above action now pending against
them in Supreme Court of the State of New York of the County of Queens is removed to this
Court.

DATED:      WESTBURY, NY
            FEBRUARY 20, 2008


                                        _____
                                        John W. Kondulis, Esq. (JK4978)
                                        JAMES G. BILELLO & ASSOCIATES (JB7226)
                                        Attorneys for Defendant
                                        Sanjay Sharma
                                        875 Merrick Avenue
                                        Westbury, NY 11590
                                        (516) 229-4312

TO:

Law Office of Marie J. Scavetta, P.C.
Attorneys for Plaintiff Amy Chan
118-21 Queens Blvd. Ste. 416
Forest Hills, NY 11375

# EXHIBIT "A"

60 file LL 08/23

46R
RM
8/25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

AMY CHAN, MINOR BY HER MOTHER AND
NATURAL GUARDIAN, SUET NGAN CHAN, AND
SUET NGAN CHAN, INDIVIDUALLY,

                         Plaintiff(s),

         -against-


SANJAY SHARMA AND GEICO GENERAL
INSURANCE COMPANY

                         Defendants.

Index No.:  20098/07
Date Purchased:

**SUMMONS**

Plaintiffs designates Queens
County as the place of trial.

The basis of venue is:
Plaintiff's residence
(County of QUEENS)
Plaintiffs reside at:
51-45 Manilla Street, 2nd Fl.
Elmhurst, New York 11373

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint if is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorney within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  Forest Hills, New York
        August 10, 2007

Yours, etc.

SERVED PERSONALLY ON
ME ON:

AUG 17 2007

Robin Newton

Marie J. Scavetta
LAW OFFICE OF MARIE J. SCAVETTA, P.C.
Attorneys for Plaintiffs
118-21 Queens Boulevard, Suite 416
Forest Hills, New York 11375
718-263-3825

2800

To:     Sanyjay Sharma
        94-30 60th Avenue, Apt.# 6J
        Elmhurst, New York 11373

        Geico General Insurance Company
        750 Woodbury Road
        Woodbury, New York 11797-2589

A

017010836·0101013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
AMY CHAN, MINOR BY HER MOTHER AND
NATURAL GUARDIAN, SUET NGAN CHAN, AND
SUET NGAN CHAN, INDIVIDUALLY,

Index No.:
Date Purchased:

Plaintiff(s),

-against-

**VERIFIED
COMPLAINT**

SANJAY SHARMA AND GEICO GENERAL
INSURANCE COMPANY

Defendants.

Plaintiffs, by their attorney, the Law Office Marie J. Scavetta, P.C., complaining

of the Defendants, allege, upon information and belief:

1. This action is brought pursuant to the provisions of the New York State

Comprehensive Automobile Insurance Reparations Act and plaintiffs have complied with

all the Conditions thereof.

2. That plaintiff has sustained serious personal injuries as defined in Sec.5102,

Subdiv. D of the Insurance Law of the State of New York.

3. That by reason of the foregoing, plaintiffs are entitled to recover for

non-economic losses not included within the definition of "basic economic loss" as set

forth in Section 5102, Subdivision A of the Insurance Law of the State of New York.

4. That by reason of the foregoing, plaintiffs have sustained economic

loss greater than "basic economic loss" as defined by Section 5102, Subdivision A of the

Insurance Law of the State of New York.

5. That plaintiffs are a "covered person" as defined in Section 5102,

Subdivision A of the Insurance Law of the State of New York.

6. That on September 28, 2005, Defendant **SANJAY SHARAMA** was the owner of the motor vehicle bearing New York State license plate number BBF3459.

7. That on September 28, 2005, Defendant **SANJAY SHARAMA** operated the aforesaid motor vehicle bearing New York State plate number BBF3459.

8. On September 28, 2005, Plaintiff **AMY CHAN** was lawfully operating her bicycle at Manilla Street and 51th Avenue. On that day, Plaintiff was struck by the vehicle owned and operated by Defendant **SANJAY SHARAMA.**

9. At all times herein mentioned, Manilla Street at intersection with 51st Avenue, Elmhurst, New York, were public roadways and/or thoroughfares.

10. That on September 28, 2005, at the aforementioned location, the aforementioned motor vehicle struck the bicyclist.

11. That as a result of the aforesaid contact, Plaintiff **AMY CHAN** was injured.

12. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendant without any fault or negligence on the part of the Plaintiff.

13. That Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

14.     That by reason of the foregoing , Plaintiff **AMY CHAN** sustained severe and permanent personal injuries; and Plaintiff **AMY CHAN** was otherwise damaged.

15.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF SUET NGAN CHAN

16.     Plaintiff **SUET NGAN CHAN** repeats, reiterates and realleges each and every allegation set forth in paragraphs contained herein, as though fully set forth at length herein.

17.     At all times herein mentioned, Plaintiff **SUET NGAN CHAN** is the mother of Minor Plaintiff and such was entitled to the services, society and companionship of the Minor Plaintiff.

18.     That by reason of the foregoing, Plaintiff **SUET NGAN CHAN** has been deprived of the services, society and companionship of the Minor Plaintiff **AMY CHAN**.

**WHEREFORE,** Plaintiff demands judgment against the defendant in the sum of monty having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

Dated:  Forest Hills, New York
        August 10, 2007

                    Yours, etc.

                    Marie J. Scavetta
                    LAW OFFICE OF MARIE J. SCAVETTA, P.C.
                    Attorneys for Plaintiffs
                    118-21 Queens Boulevard, Suite 416
                    Forest Hills, New York 11375
                    718-263-3825

## ATTORNEY'S VERIFICATION

Marie J. Scavetta, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am the attorney of record for Plaintiff(s) AMY CHAN. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my office.

Dated:  Forest Hills, New York
        August 10, 2007

Marie J. Scavetta

SUPREME COURT OF THE CITY OF NEW YORK
QUEENS COUNTY
Index No.:
_____

AMY CHAN, MINOR BY HER MOTHER AND NATURAL GUARDIAN, SUET NGAN
CHAN, AND SUET NGAN CHAN, INDIVIDUAL,

                                        Plaintiff(s),


                        - against -

SANJAY SHARMA AND GEICO GENERAL INSURANCE COMPANY

                                        Defendants.
_____


            SUMMONS AND VERIFIED COMPLAINT
_____


            Law Office of Marie J. Scavetta, P.C.
                 Attorney for Plaintiff(s)
            118-21 Queens Boulevard, Suite 416
                Forest Hills, New York 11375
                     (718) 263-2800

EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| AMY CHAN, MINOR BY HER MOTHER AND NATURAL GUARDIAN, SUET NGAN CHAN, AND SUET NGAN CHAN, INDIVIDUALLY,<br><br>Plaintiff(s)<br><br>- against -<br><br>SANJAY SHARMA AND GEICO GENERAL INSURANCE COMPANY<br><br>Defendant(s) | **ANSWER**<br><br>Index #: 20098/2007 |

Defendant(s) GEICO General Insurance Company, by the undersigned answering the complaint of the plaintiff(s), upon information and belief, states as follows:

ANSWERING A CAUSE OF ACTION

FIRST: Denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as: 6,7,8,9,10.

SECOND: Denies each and every allegation contained in paragraphs numbered and designated as: 1,2,3,4,5,11,12,13,14,15.

ANSWERING A FIRST CAUSE OF ACTION

THIRD: ANSWERING PARAGRAPH 16 REPEATS AND REITERATES each and every admission and denial heretofore made to paragraphs set therein with the same force and effort as if more fully set forth herein.

FOURTH: Denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as: 17.

FIFTH: Denies each and every allegation contained in paragraphs numbered and designated as: 18.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE
Plaintiff lacks legal capacity to sue.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE
Plaintiff lacks standing to sue.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE
The treatment, services and/or supplies in dispute were not medically necessary.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
Plaintiff's bills are not in conformity with the fee schedule regarding the purported services.

B

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
The bills in dispute were paid.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
Plaintiff's no-fault benefits were not paid due to a failure to provide proper verification.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
Plaintiff's claim is not supported by the information provided.

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE
The time frames set forth in the insurance regulations have not been complied with.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE
Plaintiff failed to verify treatment of the purported assignor.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE
That the rights of action and/or causes of action and/or each of them set forth in the complaint as against this answering defendant, are barred by the applicable Statute of Limitations.

AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE
The bill(s) in dispute is/are subject of an already pending action.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
The loss did not occur as reported.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
Plaintiff fails to state a cause of action.

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
This action was not commenced within the time prescribed by law, therefore the plaintiff(s) alleged cause(s) of action are barred by the Statute of Limitations

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE
Plaintiff has failed to provide a proper proof of claim, as plaintiff never submitted the bill(s) which are the subject of this dispute to the defendant.

AS AND FOR A SIXTEENTH  AFFIRMATIVE DEFENSE
Plaintiff's assignor is not an eligible injured person under the applicable policy of insurance.

AS AND FOR A SEVENTEENTH  AFFIRMATIVE DEFENSE
Defendant is not the primary carrier as claimants were not in a GEICO insured vehicle at the time of the loss.

AS AND FOR AN EIGHTEENTH  AFFIRMATIVE DEFENSE
Plaintiff is estopped from litigating issues previously adjudicated.

AS AND FOR A NINETEENTH  AFFIRMATIVE DEFENSE
The policy holder, either alone or in concert with others, disposed of the automobile in question, with intent to defraud the defendant.

AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE
The alleged accident was staged. As such, it is not covered under any GEICO insurance policy.

AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE
There was no GEICO insurance policy covering this claimant/assignor on the date of the accident.

       WHEREFORE, defendant(s) demand(s) judgment dismissing the plaintiff(s) complaint herein together with the costs and disbursements of this action.

DATED:      Woodbury, New York
             October 11, 2007

                           Yours, etc.

                           Lawrence J. Chanice, Esq.
                           LAW OFFICE OF TERESA M. SPINA
                           Attorneys for Defendant(s)
                           GEICO General Insurance Company
                           170 Froehlich Farm Blvd.
                           Woodbury, New York 11797-2944
                           516-714-7283
                           Our File No. 07P31349
                           Claim No: 0170108360101013

TO:

Marie J. Scavetta, P.C.
Attorneys for Plaintiff(s)
Amy Chan
118-21 Queens Boulevard, Suite 416
Forest Hills, NY 11375
Your File No. n/a

EXHIBIT "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                                           **File Copy**

AMY CHAN, MINOR BY HER MOTHER AND
NATURAL GUARDIAN, SUET NGAN CHAN,
AND SUET NGAN CHAN, INDIVIDUALLY,

                         Plaintiff(s)

           - against -

SANJAY SHARMA AND GEICO GENERAL
INSURANCE COMPANY

                       Defendant(s)

**VERIFIED ANSWER WITH
DEMANDS**

Index No: 20098/07

## CERTIFICATION PURSUANT TO SECTION 130-1.1a
## OF THE RULES OF THE CHIEF ADMINISTRATOR (22NYCRR)

The undersigned certifies the following documents pursuant to 22NYCRR Section 130-1.1a:

    Verified Answer to Verified Complaint and Demand for a Verified Bill of Particulars, Combined Demand for Discovery and Inspection, Notice to Take Deposition Upon Oral Examination, Refusal to Accept Service by Facsimile Transmission and Notice to Submit to Physical Examination.

DATED:    Westbury, New York
             October 15, 2007

                         Effy Belessis Jable, Esq. for
                         Stacey E. Printz, Esq.
                         MENDOLIA & STENZ
                         Attorneys for Defendant(s) Sanjay Sharma
                         875 Merrick Avenue
                         Westbury, New York 11590
                         516-229-4219
                         Our File No: 07Q0939
                         Claim No: 0170108360101013 (J858)

To:
Law Office of Marie J. Scavetta, P.C.
Attorneys for Plaintiff(s)
118-21 Queens Blvd. Ste. 416
Forest Hills, NY 11375
718-263-3825

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| AMY CHAN, MINOR BY HER MOTHER AND NATURAL GUARDIAN, SUET NGAN CHAN, AND<br><br>SUET NGAN CHAN, INDIVIDUALLY,<br><br>Plaintiff(s)<br><br>- against -<br><br>SANJAY SHARMA AND GEICO GENERAL INSURANCE COMPANY<br><br>Defendant(s) | VERIFIED ANSWER WITH DEMANDS<br><br>Index #: 20098/07 |

Defendant(s) Sanjay Sharma, by the undersigned answering the VERIFIED complaint of the plaintiff(s), upon information and belief, states as follows:

ANSWERING A FIRST CAUSE OF ACTION

FIRST:  Denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as: 1, 6, 7, 9, 15.

SECOND:  Denies each and every allegation contained in paragraphs numbered and designated as: 2, 3, 4, 5, 8, 10, 11, 12, 13, 14.

ANSWERING A SECOND CAUSE OF ACTION

THIRD:  Answering paragraph 16 repeats and reiterates each and every  admission and denial heretofore made to paragraphs set therein with the same force and effect as if more fully set forth herein.

FOURTH:  Denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered and designated as: 17.

FIFTH:  Denies each and every allegation contained in paragraphs numbered and designated as:18.

**AS AND FOR AN AFFIRMATIVE DEFENSE – COMPARATIVE NEGLIGENCE**
The personal injuries and/or property damage alleged to have been sustained by the plaintiff(s) were caused entirely or in part through the culpable conduct attributable to the plaintiff(s) and the Defendant(s) seeks a dismissal or reduction in any recovery had by the plaintiff in the proportion which the culpable conduct attributable to the plaintiff(s) bears to the culpable conduct which caused the damages.

## AS AND FOR AN AFFIRMATIVE DEFENSE – PERSONAL JURISDICTION

Service of process was not in conformity with the C.P.L.R.; therefore this Court does not have jurisdiction over the person of the Defendant(s).

## AS AND FOR AN AFFIRMATIVE DEFENSE – HELMET/PROTECTIVE GEAR

The plaintiff failed to use a helmet and/or other appropriate protective gear and the failure to do so caused the damages allegedly sustained or that if used would have mitigated the injuries alleged.

WHEREFORE, defendant(s) demand(s) judgment dismissing the plaintiff(s) complaint herein together with the costs and disbursements of this action.

DATED:      Westbury, New York
            October 15, 2007


Effy Belessis Jable, Esq. for
Stacey E. Printz, Esq.
MENDOLIA & STENZ
Attorneys for Defendant(s)
Sanjay Sharma COMPANY
875 Merrick Avenue
Westbury, New York 11590
516-229-4219
Our File No: 07Q0939
Claim No: 0170108360101013 (J858)

## VERIFICATION

Effy Belessis Jable, Esq. for Stacey E. Printz, Esq., an attorney admitted to practice in the Courts of this State, and associated with the firm of MENDOLIA & STENZ, attorneys for the defendant(s) Sanjay Sharma, states:

That your affirmant has read the foregoing Answer and knows the contents thereof; that the same is true to your affirmant's own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes it to be true. The source of your affirmant's information and belief, is an investigation caused to be made with respect to the facts in this action.

That the reason this verification is made by affirmant and not by the Defendant(s) is because the Defendant(s) does not reside within the county where MENDOLIA & STENZ, maintain their office.

The undersigned affirms that the foregoing statement is true, under penalties of perjury.

Date:   Westbury, New York
        October 15, 2007

Effy Belessis Jable, Esq. for
Stacey E. Printz, Esq.

EXHIBIT "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JAN 3 0 2008

Index No.: 21806/2006

07Q0939
Printz

AMY CHAN, BY HER MOTHER AND NATURAL
GUARDIAN, SUET NGAN CHAN,
AND SUET NGAN CHAN INDIVIDUALLY

                                              Plaintiffs,

                -against-

SANJAY SHARMA AND GEICO GENERAL
INSURANCE COMPANY

                                              Defendants.

## SUPPLEMENTAL RESPONSE TO DEFENDANTS' DEMAND FOR A VERIFIED BILL OF PARTICULARS

1.    No additional information.

2.    The "exact" injuries to plaintiff's lower back and left side of head are described in medical records previously provided. No additional information is available at this time.

3.    Special damages are for the loss of plaintiff's services, costs of caring for plaintiff and attorney fees.

4.    $ 100,000.

5.    Plaintiff's bicycle destroyed by the accident.  Replacement cost is approximately $200.

6.    None.

Dated: January 22, 2008
      Forest Hills, NY

                                Yours, etc.,

                                Marie J. Scavetta, Esq.
                                Attorney for Plaintiff
                                Law Office of Marie J. Scavetta, P.C.

118-21 Queens Blvd., Suite 416
Forest Hills, NY 11375
718-263-2800

To:     Stacey E. Printz, Esq.
        Mendolia & Stenz
        Attorneys for Defenant Sanjay Sharma
        875 Merrick Avenue
        Westbury, NY 11590
        Your file no.: 07Q0939

        Lawrence J. Chanice, Esq.
        Attorneys for Defenant(s)
        Geico General Insurance Company
        170 Froehlich Farm Blvd.
        Woodbury, New York 11797-2944
        Your file no.: 07P31349

SUPREME COURT OF THE CITY OF NEW YORK
QUEENS COUNTY
Index No.: 21806/2006

---

AMY CHAN, MINOR BY HER MOTHER AND NATURAL GUARDIAN, SUET NGAN CHAN, AND SUET NGAN CHAN, INDIVIDUAL,

Plaintiff(s),

- against -

SANJAY SHARMA AND GEICO GENERAL INSURANCE COMPANY

Defendants.

---

## SUPPLEMENTAL RESPONSE TO DEFENDANTS' DEMAND FOR A VERIFIED BILL OF PARTICULARS

---

Law Office of Marie J. Scavetta, P.C.
Attorney for Plaintiff(s)
118-21 Queens Boulevard, Suite 416
Forest Hills, New York 11375
(718) 263-2800
